UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re:

PAUL D. COFFMAN
JANET SUE COFFMAN

    Debtors

No. 10-03610-FLK13

DECISION RE: CONTEMPT

This matter having come on for hearing on October 25, 2010 before Bankruptcy Judge Frank L. Kurtz upon the Order to Show Cause issued by the Court on October 13, 2010. The show cause order required Joel Elder, President of Joel Elder Sundance Auto Sales, Inc., to appear before this court to show cause why Joel Elder and Joel Elder Sundance Auto Sales, Inc. (hereinafter referred as Sundance Auto), should not be held in contempt for actions taken in violation of the 11 U.S.C. § 362 automatic stay. Mr. Elder appeared as ordered and he was represented by George Hansen. Debtors Paul and Janet Coffman appeared and they were represented by attorney Robert Reynolds. At the hearing the court heard and considered the evidence of witnesses Paul Coffman, Donna Elder, Bobby Elder, and Joel Elder. The court considered all exhibits submitted by the parties that were admitted as evidence.

Based upon the evidence heard and considered by the court, the court makes the following finds of fact:

1) Paul D. Coffman and Janet Sue Coffman filed a petition for relief under chapter 13 of Title 11 on June 17, 2010.

2) At the time the petition was filed, the debtors owned a 1996 Chevrolet Tahoe, which they purchased from creditor Sundance Auto, according to the terms and conditions set forth in debtors' Exhibit 5, a Retail Installment Contract.

DECISION RE: CONTEMPT                         -1-

3) On the petition date, the debtors filed a chapter 13 plan, which provided, in part, for the retention of the Chevrolet Tahoe and the payment of the debt secured by the Tahoe automobile and owed to creditor Sundance Auto.

4) On June 20th a notice of the chapter 13 bankruptcy and a copy of the chapter 13 plan was sent to creditor Sundance Auto at 505 South First Street, Yakima, WA 98901-3205.

5) The notice sent to creditor Sundance Auto advised the creditor about actions prohibited by the stay, including repossessing the debtors' property.

6) Shortly after creditor Sundance Auto received actual notice of the Coffmans' bankruptcy, Joel Elder contacted Mr. Coffman about a repair bill and about a late payment for the Tahoe automobile. He threatened Mr. Coffman with a repossession fee, unless Mr. Coffman returned the Tahoe. As a result of this conversation, Mr. Coffman delivered the Tahoe to creditor Sundance Auto.

7) Mr. Elder denies he knew about the Coffmans' bankruptcy filing at the time he contacted Mr. Coffman but based upon the mailing of the bankruptcy notice to creditor Sundance Auto and based upon the testimony of Mr. Coffman, the Court does not accept this testimony and specifically finds he acted with knowledge of the bankruptcy.

8) Thereafter Mr. Elder and creditor Sundance Auto was contacted by attorney Robert Reynolds, who represented the Coffmans in their chapter 13 bankruptcy case. On the Coffmans' behalf, Mr. Reynolds demanded that the Tahoe automobile be returned to the Coffmans.

9) Despite this request, creditor Sundance Auto continued to retain possession of the Tahoe automobile.

10) Creditor Sundance Auto and its President Joel Elder willfully violated the automatic stay of 11 U.S.C. § 362.

11) For more than 60 days, the debtors have been denied possession and use of the Tahoe automobile. The debtors have been damaged by the violation of the automatic stay but they have failed to provide the court with evidence upon which the court could base its damage award.

DECISION RE: CONTEMPT -2-

Based upon the Court's finding, the Court enters the following conclusions of law:

1) This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334 and 157.

2) The debtors' Motion for Contempt for Violation of Stay is a core proceeding under 28 U.S.C. § 157(b).

3) The debtors have satisfied their burden of proof that Joel Elder and Joel Elder Sundance Auto's violation of the automatic stay was willful and that actual damages, attorney fees and costs are appropriate as sanctions under section 362(h), but not punitive damages. Although the court has found that there was damages, the court cannot make an award of actual damages because the court cannot speculate as to the amount of damages.

Now therefore, IT IS ORDERED a separate order will be entered granting the debtors' Motion for Contempt against Joel Elder and Sundance Auto; Joel Elder and Sundance Auto shall immediately restore possession of the Tahoe automobile to the debtors; the debtors and their attorney will be granted 10 days to file an affidavit of attorney fees and costs incurred in relation to the debtors' Motion for Contempt, together with contemporaneous time records; Joel Elder and Sundance Auto will be granted 10 days thereafter in which to file any objections to the reasonableness of the fees and costs requested; and if no timely objections are filed with the Court, the Court will enter judgment in accordance with this decision.

Done this 12th day of November, 2010

FRANK L. KURTZ
BANKRUPTCY JUDGE

DECISION RE: CONTEMPT                    -3-